## ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY v. TAYLOR. ˙

### Opinion delivered January 28, 1905.

1. CARRIER—NEGLIGENCE.—A verdict against a railway company will be sustained by evidence that the plaintiff on approaching a station, arose and went to the door, and was standing holding to the door when the train ran in on an open switch, striking a loaded car and causing plaintiff to be thrown to the floor and injured; that a red light was displayed at the time, but the trainmen negligently failed to see it. (Page 33.)

2. SAME—CONTRIBUTORY NEGLIGENCE.—A passenger on a train is not guilty of negligence in walking in the car while moving if he had no reason to believe that it was unsafe for him to do so. (Page 33.)

Appeal from Cross Circuit Court.

FELIX G. TAYLOR, Judge.

*B. S. Johnson,* for appellant.

The injury occurred through the acts of a stranger, and negligence can not be imputed to appellant. 2 L. J. 115; 34 N. Y. 9; 20 N. Y. 71; 61 Fed. 747. If the negligent or wrongful act of the plaintiff co-operates in any degree with any misconduct on the part of the defendant, there can be no recovery. 36 Ark. 46; 48 Ark. 124; 62 Ark. 235; 66 Ark. 237; 96 Mass. 433; 85 Mass. 21; 20 Pa. 258. A passenger while on a train must conduct himself in a prudent manner, and must not unnecessarily expose himself to danger. 45 Conn. 284; 34 N. Y. 670; 51 Ill. 495; 32 N. J. L. 88; 4 Bush, 593; 36 Mo. 418; 41 Ind. 269; 95 Ga. 739; 89 Mo. 236; 98 N. C. 499; 15 N. Y. Sup. 109.

*N. W. Norton,* for appellee.

There was no negligence on the part of appellee. 55 Ark. 248. The question of negligence was properly left to the jury. 17 Wall. 657; 62 Ark. 167; 65 Ark. 255. The damages were not

excessive.  41 Pac. 498; 29 So. 829; 67 S. W. 381; 56 Ark. 430; 72 Pac. 481; 71 S. W. 876; 69 Fed. 185; 64 N. E. 328; 197 Ill. 304; 89 Mo. App. 129; Wat. Per. Inj. 410; 56 Mo. App. 678; 64 N. E. 718; 71 S. W. 876.

BATTLE, J.  This action was instituted by William Taylor against St. Louis, Iron Mountain & Southern Railway Company to recover damages caused by the negligence of the defendant. He alleged in his complaint that, while he was a passenger of the defendant, its train, upon which he was riding, was, by reason of the negligence of its servants, run into and upon a switch shown by its signals to be open, and against freight cars standing on its side track, and by reason of the collision he was injured, to his damage in the sum of $2,000.  The defendant denied that the injuries were the result of its negligence, but alleged that they were caused by his carelessness.  Plaintiff recovered judgment for $1,000, and the defendant appealed.

On January 2, 1902, plaintiff was a passenger on one of defendant's trains, going from Cherry Valley, in Cross County, to Earle Station, in Crittenden County, in this State.  The train had to pass through Vanndale, an intervening station, where it usually stopped; on approaching that station the whistle was sounded, either for a road crossing or the station, when plaintiff arose from his seat and started to the car door, for the purpose of inquiring about his son-in-law at Vanndale.  He passed through the first door, which opened into the vestibule, or smoking compartment, and was standing holding on to the knob of the outer door, when the train ran in on the side track, striking a car loaded with lumber standing there, the jar causing the plaintiff to be thrown to the floor and injured.  This was about 6:30 or 7:00 o'clock in the morning.  Some one had thrown or opened the switch.  Evidence was adduced, tending to prove that this was done about 12 o'clock in the night, and that a red light, which is used as a signal of danger, was displayed at that time, and so continued until the accident, and it ought to have been seen a mile or two miles; and that the train might have been stopped after its discovery before the accident; while evidence was adduced tending to prove that the switch was opened and the red light displayed when the train was about 130 feet from the switch, and too near to avoid the accident.

The evidence was sufficient to sustain a finding by the jury that the injuries of the plaintiff were caused by the negligence of the defendant in the operating its train in failing to see the red light in time and to avoid the danger indicated thereby.

There was no evidence to show that the plaintiff's negligence contributed to his injuries. He was riding on a passenger car. There was no evidence of the existence of anything that made it unsafe or imprudent for him to walk in the car. There was no evidence that the railway track was in bad condition, or that the train was running at a dangerous speed, or that he was walking when the train might or should have stopped, and thereby for the instant interfered with his movements, or that he had any reason to anticipate a collision or accident, or anything else to make it imprudent to walk in the car. He did walk safely to the door, and was there thrown down and injured by the collision. While the award of damages in this case does not meet our approval, we do not see how we can reduce it, under the evidence, without invading the province of the jury. Judgment affirmed.